UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KEYWEE OWENS, on behalf of herself and
on behalf of all others similarly situated,

    Plaintiff,

v.

    Case No. 6:16-cv-2149-ORL-22GJK

THE ADVOCATOR GROUP, LLC,

    Defendant.

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made between Plaintiff Keywee Owens ("Plaintiff" or "Owens") and Defendant The Advocator Group, LLC ("Advocator Group" or "Defendant"). Plaintiff and Defendant are referred to collectively herein as "the Parties." The Parties hereby agree as follows:

1. **Claims.** Plaintiff filed a Complaint in the United States District Court for the Middle District of Florida, Orlando Division, titled *Keywee Owens v. The Advocator Group, LLC*, Case No. 6:16-cv-2149-ORL-22GJK, alleging both retaliation and unpaid wages under the Fair Labor Standards Act ("FLSA"). The Parties disagree as to whether or not Plaintiff has any viable claim, but after exchanging discovery, discussing the merits of the case, and participating in a settlement conference were able to reach a settlement. The Parties desire to fully and finally resolve this litigation.

2. **No Admission of Liability.** This Agreement does not constitute an admission by Defendant of violation of any law or statute and the Parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purpose as evidence or admission of liability or wrongful conduct of any kind by Defendant.

3. **Monetary Consideration.** Within ten (10) business days after Advocator Group receives this executed settlement agreement from Plaintiff, the Court approves this settlement and dismisses this action with prejudice, and Advocator Group's receipt of W-9's from Plaintiff and Wenzel, Fenton, Cabassa, P.A., Advocator Group has agreed to mail Plaintiff's counsel four checks as follows:

    (a) One settlement check in the amount of ONE HUNDRED TWENTY-NINE DOLLARS AND FORTY-NINE CENTS ($129.49), less applicable withholdings, in


EXHIBIT A

settlement of Plaintiff's claim for alleged back wages under the FLSA, for which a W-2 will be issued to Plaintiff;

(b) One settlement check in the amount of ONE HUNDRED TWENTY-NINE DOLLARS AND FORTY-NINE CENTS ($129.49), in settlement of Plaintiff's claim for alleged liquidated damages under the FLSA, for which a 1099 will be issued to Plaintiff;

(c) One settlement check in the amount of EIGHT HUNDRED AND THIRTY-SIX DOLLARS AND TWO CENTS ($836.02), in settlement of Plaintiff's claim for alleged retaliation under the FLSA, for which a 1099 will be issued to Plaintiff;

(d) One check made payable to Wenzel, Fenton, Cabassa, P.A., for attorneys' fees and costs, in the amount of ONE THOUSAND EIGHT HUNDRED AND FIVE DOLLARS AND NO CENTS ($1,805.00), for which a 1099 will be issued.

The Parties agree that the portions of the settlement sum attributable to attorneys' fees and costs was negotiated separately from and without regard to the amounts Plaintiff sought for overtime compensation under the FLSA.

By accepting the above-referenced sums, Plaintiff acknowledges and agrees that she has now been paid for all hours worked and all alleged overtime hours worked during her employment with Advocator Group and agrees that Advocator Group does not owe her any other monies with regard to compensation associated with hours worked or for any other reason. Plaintiff further acknowledges and agrees that she has been paid all wages (including overtime compensation) due to her from Advocator Group for any reason. Finally, Plaintiff specifically agrees that the above payment represents full compensation for the FLSA claims asserted in her lawsuit and any claim Plaintiff may have had under the FLSA is now moot.

4.  **Waiver and Release of FLSA Claims.** Plaintiff hereby releases, on her own behalf and on behalf of anyone who could claim by or through her, Advocator Group, its predecessors and successors in interest, assignees, parents, subsidiaries, divisions, and related companies and entities (including but not limited to Advocator Group Insurance Company), and its past, present and future shareholders, officers, directors, supervisors, managers, employees, agents, attorneys, insurers, and representatives (hereafter collectively referred to as "Advocator Group"), in their individual and official capacities, and its heirs and legal representatives, of and from, any and all claims under the FLSA or any other wage-related statute arising out of Plaintiff's employment with Advocator Group.

5.  **Settlement Approval and Dismissal.** The Parties will request that the Court review and approve this Agreement and that the Court dismiss with prejudice the above-styled lawsuit, presently pending in the United States District Court for the Middle District of Florida, upon the effective date of this Agreement. If the Court rejects this Agreement, the parties shall diligently work together to draft an Agreement that is approved by the Court. In the event the above-numbered and entitled lawsuit is not dismissed with prejudice after the parties have reasonably exhausted efforts to seek Court approval, this Agreement shall become null and void

and Advocator Group shall be entitled to return by Plaintiff of any and all sums paid by Advocator Group hereunder.

6. **Tax Payment.** Plaintiff and her counsel shall pay any and all taxes that may be due as a result of the settlement payment(s). Plaintiff agrees and affirms that she is not relying on any representation made by Advocator Group concerning whether or not the payment(s) is taxable as wages, as income, or otherwise, or concerning the amount of taxes that she may be required to pay as a result of the payment(s). Plaintiff agrees that she will not be entitled to any additional consideration under this Agreement as a result of any assessment of, or liability for, taxes as a result of the payment(s). Moreover, Plaintiff agrees to indemnify Advocator Group and hold it harmless from any interest, taxes or penalties assessed against it by any governmental agency as a result of the non-payment of taxes on any amounts paid to Plaintiff under the terms of this Agreement.

7. **Transfer of Claims.** Plaintiff represents and warrants that Plaintiff has not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any released claim. Plaintiff agrees to indemnify and hold Advocator Group harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorneys' fees), causes of action or judgments based on or arising out of any such assignment or transfer. Plaintiff further warrants that there is nothing that would prohibit Plaintiff from entering into this Agreement.

8. **Binding Effect.** This Agreement is to be construed and governed under the laws of the State of Florida and shall bind the Parties and their respective heirs, estates, successors and assigns. If the Court in the above-styled lawsuit fails to approve the Agreement, Plaintiff agrees to expeditiously work with Defendants on drafting an agreement acceptable to both parties and the Court.

9. **Consideration and Acceptance of Agreement.** Plaintiff acknowledges that she has read the entire Agreement and specifically acknowledges the following: Plaintiff understands the language of the Agreement, and any questions she may have had during review of the Agreement have been explained to her satisfaction and understanding. Plaintiff understands that she is not waiving any rights or claims which may arise after the date the Agreement is executed. Plaintiff has been advised and is again advised herein to consult with an attorney and/or other professional of her own choosing and has consulted with or had the opportunity to consult with legal counsel and other persons of her own choosing regarding this matter prior to the execution of the Agreement.

10. **Plaintiff is Not Prevailing Party.** Plaintiff shall not be considered a prevailing party for any purpose.

11. **Breach.** The parties hereto acknowledge that any breach of this Agreement shall entitle the non-breaching party not only to damages, but also to injunctive relief to enjoin the actions of the breaching party, as well as costs, including fees of its attorneys, paralegals and legal assistants. The prevailing party in any such action shall be entitled to attorneys' fees and costs.

12. **Modification of Agreement.** Any uncertainty or ambiguity shall not be construed for or against any other party based on attribution of drafting to any party. Furthermore, this Agreement shall not be subject to modification or amendment by an oral representation, or any other written statement by either party, except for a dated written amendment to the Agreement signed by Plaintiff and Advocator Group prior to the Court's approval of this agreement.

13. **Severability.** The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect. If any portion of this Agreement is found invalid, the parties agree to enter into new provisions that are not invalid.

14. **Headings.** The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

15. **Jurisdiction and Venue.** The Parties hereto acknowledge that the Agreement is enforceable in the state courts of Florida. Plaintiff and Advocator Group hereby waive any pleas of jurisdiction or venue as not being a resident of Orange County, Florida, and hereby specifically authorize any action brought upon the enforcement of the Agreement to be commenced or filed in Orange County, Florida. The Parties hereby expressly waive any and all right to a trial by jury with respect to any action, proceeding or other litigation resulting from or involving the enforcement of the Agreement or any other action related to Plaintiff's alleged employment with Advocator Group.

**I HAVE READ THE FOREGOING SETTLEMENT AGREEMENT AND FULLY UNDERSTAND AND VOLUNTARILY AGREE TO BE LEGALLY BOUND BY THIS AGREEMENT.**

_____
Keywee Owens

Date: _____

The Advocator Group, LLC

By: _____     Date: 5/18/17

Its: _____

WSACTIVELLP:9110121.1