UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KEYWEE OWENS,**

        **Plaintiff,**

v.   Case No:   6:16-cv-2149-Orl-22GJK

**THE ADVOCATOR GROUP, LLC,**

        **Defendant.**

REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **RENEWED JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND DISMISS CASE WITH PREJUDICE (Doc. No. 22)** |
| **FILED:** | **May 26, 2017** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.   FACTUAL BACKGROUND

On December 15, 2016, Plaintiff filed a complaint against Defendant alleging unpaid overtime and retaliation in violation of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq*.[1] Doc. No. 1. On March 7, 2017, Plaintiff filed answers to the Court's interrogatories. Doc. No. 18. In the answers, Plaintiff claims: 1) over $1,000 including liquidated damages, but excluding fees and costs, for her FLSA overtime claim; and 2) approximately $22,000 in back pay

---

[1] Plaintiff originally brought this case as an opt-in collective action on behalf of similarly situated employees of Defendant. Doc. No. 1 at 4-5. The matter, however, was never certified as a collective action, and no other individuals have attempted to join the lawsuit before settlement was reached. Doc. No. 22 at 3.

damages for her FLSA retaliation claim. *Id.* at 2. On April 11, 2017, the parties filed a joint notice of settlement. Doc. No. 19. On May 26, 2017, the parties filed a joint motion (the "Motion") to approve their FLSA settlement agreement (the "Agreement") and dismiss the case with prejudice. Doc. No. 22. The parties attach a copy of the Agreement in support. Doc. No. 22-1. The matter has been referred to the undersigned for a report and recommendation. Doc. No. 10. For the reasons that follow, the undersigned recommends that the Motion be granted, the Agreement be approved, and the case be dismissed with prejudice.

## II.     APPLICABLE LAW

In *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable. *Id.* Before approving an FLSA settlement, the Court must scrutinize it to determine if it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id.* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net")). In *Silva*, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted).

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

> To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir. 1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *See also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F. Supp. 2d 1259 (M.D. Fla. 2008).

*Id.* at 351-52.[3] For the Court to determine whether the proposed settlement is reasonable, plaintiff's counsel must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorney's fees, costs, or expenses pursuant to a contract between the plaintiff and counsel, or otherwise. *Id.* When a plaintiff receives less than a full recovery, any payment from plaintiff's recovery above a reasonable fee improperly detracts from the plaintiff's recovery.[4] Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs.[5] It is the Court's responsibility to ensure that any such allocation is reasonable. *Id.* As the Court interprets the *Lynn's Food Stores, Inc.* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorney's fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

---

[3] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

[4] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his or her counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[5] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

An alternate means of demonstrating the reasonableness of attorney fees and costs was set forth in *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009). In *Bonetti*, the Honorable Gregory A. Presnell held:

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) <u>represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.</u>

*Id.* at 1228 (emphasis added). Judge Presnell maintained that if the matter of attorney fees is "addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Id.* The undersigned finds this reasoning persuasive.

### III. ANALYSIS

#### A. Settlement Amount

In the answers to the Court's interrogatories, Plaintiff claims: 1) over $1,000 including liquidated damages, but excluding fees and costs, for her FLSA overtime claim; and 2) approximately $22,000 in back pay damages for her FLSA retaliation claim. Doc. No. 18 at 2. Under the Agreement, Plaintiff will receive $1,095. Doc. No. 22-1 at 1-2. The $1,095 consists of $129.49 in unpaid wages, $129.49 in liquidated damages, and $836.02 in back pay for Plaintiff's FLSA retaliation claim. *Id.* Since Plaintiff is receiving much less than the amount claimed, Plaintiff has clearly compromised her FLSA claims. *Caseres v. Texas de Brazil (Orlando) Corp.*, 6:13-cv-1001-Orl-37KRS, 2014 WL 12617465, at *2 (M.D. Fla. April. 2, 2014) ("Because [plaintiff] will

receive under the settlement agreement less than she averred she was owed under the FLSA, she has compromised her claim within the meaning of *Lynn's Food Stores*").

With regard to her FLSA retaliation claim, the undersigned recognizes that Plaintiff is receiving far less than the amount claimed in the Court's interrogatories. *Cf.* Doc. No. 18 at 2; Doc. No. 22-1 at 2. Nevertheless, it is well established that "a settlement of FLSA retaliation claims does not require court approval, so long as the settlement does not contaminate the settlement of an FLSA back wage claim." *Thompson v. Dealer Mgmt. Services, Inc.*, Case No: 6:16–cv–1468–Orl–40KRS, 2016 WL 7644856, at * 1 (M.D. Fla. Dec. 13, 2016). In *Johnson v. Overdrive Systems II, Inc.*, Case No. 6:15-cv-938-Orl-41DAB, 2016 WL 3511758, at * 2 (M.D. Fla. Jun 1, 2016), U.S. Magistrate Judge David A. Baker applied the same logic even though the plaintiff received a settlement amount far less than what was claimed in the answers to the Court's interrogatories:

> The Court observes that the total of the claims made as set forth in the Interrogatories ($171,798.24) is a far cry from the ultimate recovery of $15,000.00. Absent further explanation from the parties, and in view of the language of the Settlement Agreement purporting to cover "any other actual damages," the Court assumes that Plaintiff has agreed to either forego her retaliation claim or release it for a minimal amount. Regardless, because *Lynn's Foods* only requires compromises of FLSA back wage or liquidated damage claims to be presented to the District Court for a determination of whether the proposed settlement is fair and reasonable, the Court does not need to review the parties' settlement of Plaintiff's other claims, provided its terms do not serve to contaminate the Agreement as to the FLSA [back wage or liquidated damage] claim.

*Id.* (emphasis added) (internal citations and quotations omitted). Thus, settlements of FLSA retaliation claims do not require judicial scrutiny unless such settlement serves to contaminate a plaintiff's back wage or liquidated damage claim. *Id.*

The parties state a number of reasons why they entered into the Agreement. This case involves disputed issues of FLSA liability, which constitutes a bona fide dispute. Doc. No. 22 at

1-2. After an exchange of information, the parties decided to settle their dispute to avoid the risks of litigation. *Id.* at 2. All parties are represented by independent counsel who are experienced in handling FLSA claims. *Id.* at 3. The parties also state that the Agreement is not the result of any fraud or collusion between the parties or their counsel. *Id.* Finally, there is no suggestion that the settlement of Plaintiff's retaliation claim undermines the Agreement as to Plaintiff's overtime claim. *See Johnson*, 2016 WL 3511758 at * 2. Considering the foregoing, and the strong presumption favoring settlement, the undersigned recommends that the Court find the total settlement amount to be fair and reasonable.

### B. Release Provision

The Agreement contains a release:

> Plaintiff hereby releases, on her own behalf and on behalf of anyone who could claim by or through her, [Defendant] … of and from, any and all claims under the FLSA or any other wage-related statute arising out of Plaintiff's employment with [Defendant].

Doc. No. 22-1 at 2. Thus, the Agreement's release is limited to any and all claims, either under the FLSA or any other wage-related statute, arising out of Plaintiff's employment with Defendant. *Id.* This Court has required separate consideration for releases, but only when such releases are broad, general, or not limited to certain claims. *See Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351-52 (M.D. Fla. 2010); *Middleton v. Sonic Brands L.L.C.*, Case No. 6:13-cv-386-Orl-28KRS, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013) (approving a settlement agreement providing $100 as separate consideration for a general release). Here the release is limited to claims, either under the FLSA or any other wage-related statute, arising out of Plaintiff's employment with Defendant. Doc. No. 22-1 at 2. Accordingly, the undersigned recommends that the Court find the Agreement's release provision to be fair and reasonable.

### C. Attorneys' Fees

Under the Agreement, Plaintiff's counsel will receive $1,805 in attorneys' fees. Doc. No. 22-1 at 2. The Motion and the Agreement state that attorneys' fees and costs were negotiated separately from Plaintiff's recovery. Doc. No. 22 at 2; Doc. No. 22-1 at 2. Such a representation adequately establishes that the issue of attorney's fees and costs was agreed upon without regard to the amount paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228. Accordingly, pursuant to *Bonetti*, the undersigned recommends that the Court find the Agreement's attorneys' fee provision to be fair and reasonable.

## IV.  CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that the Court:

1) **GRANT** the Motion (Doc. No. 22); and

2) **APPROVE** the Agreement (Doc. No. 22-1) to the extent that the Court finds the Agreement to be a fair and reasonable resolution of Plaintiff's claims; and

3) **DIRECT** the Clerk to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **In order to expedite the final disposition of this matter, if the parties have no objections to this report and recommendation, they may promptly file a joint notice of no objection.**

Recommended in Orlando, Florida on July 11, 2017.

                                                             GREGORY J. KELLY  
                                       UNITED STATES MAGISTRATE JUDGE

Copies furnished to:  
Presiding District Judge  
Counsel of Record  
Unrepresented Party  
Courtroom Deputy